NICHOLAS F. REYES, #102114
NICHOLAS F. REYES LAW CORPORATION
1107 "R" Street
Fresno, California 93721
Telephone: (559) 486-4500
Facsimile: (559) 486-4533
Email: nfreyeslaw@gmail.com

Attorney for Defendant
TIMOTHY SCOTT CHENOT

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY SCOTT CHENOT,<br><br>Defendant. | **CASE NO. 1:24-CR-00218-KES**<br><br>**SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE/3553 FACTORS AND SENTENCING CHART** |

**I.**

**INTRODUCTION**

Defendant, TIMOTHY SCOTT CHENOT, entered a guilty plea on April 28, 2025 to the Indictment. There exists a written plea agreement filed with this court. The plea agreement readily acknowledges defendant's guilt and acceptance of responsibility. For reasons to be explained below Defendant seeks a reasonable sentence of 57 months [Level 23] Criminal History Category III].

Timothy never commenced his life or childhood at the starting gate. He was way behind before ever getting started on the tumultuous life road he was born into. His starting point in life and environment destined him to be where he is now a federal prisoner: Here is the deck of life-cards he was dealt at birth:

1. **Childhood abandonment**: Without a father figure around from the age of 3 to 12 Timothy was raised without guidance or role models. His mother was a single mother and had to work to support him and his siblings.

2. **Lack of Family Support:** Timothy's parents divorced when he was was 3 years old due to his father's alcohol abuse and domestic violence. He lived with his mother until he was 12 then moved with his alcoholic father from ages 12 to 16.

3. **Alcohol Addicted Father**: Timothy was never shown the love and nurturing or any stability. While living with his alcoholic father he witnessed how he physically abused his step-mother while drinking everyday. His father passed away 3 years ago from Cirrhosis of the liver.

4. **Broken Family Upbringing**: Due to Timothy's parents divorce he never really saw his father from age 3 to 12 and was never a part of his life. When he eventually went to live with his Dad, he was exposed to his father's drinking and abuse. There was inevitable conflict between child and father due to his addiction to alcohol.

5. **Physical Abuse**: Timothy suffered multiple instances of physical abuse by his father. As a young child he tried to stand up to his father and eventually left home at age 16.

7. **HOMELESS Childhood**: Timothy never had a permanent home. For years he lived with his mom then his dad. Never really having a stable childhood home.

8. **ADDICTION/ALCOHOLISM**: Alcoholism addiction to alcohol. He drank daily and was under the influence of alcohol from his early childhood.

10. **Safety Valve Ineligibility**: Timothy is ineligible for safety-valve because of his priors and Category III criminal history.

11. **Super-super early of Acceptance of Responsibility**: Defendant advised the prosecutor that he would plead and accept his responsibility. This early admission, has avoided the expense and time consumption of the government's time and resources.

There exists certain observations in the presentence investigation report which the defense will further elaborate upon at the time of sentencing.

It is counsel's position that Mr. CHENOT has demonstrated Super acceptance of responsibility as defendant is genuinely apologetic and has genuinely displayed remorse for his involvement in the instant offense. The defense submits that a total sentence of 57 months would be more than adequate and provides a reasonable sentence in light of the totality of circumstances regarding the crime and the application of **3553 factors**. The defense further requests appropriate ***downward departure/ variance*** to reflect a total sentence of 57 months and seeks a departure for 3553(a) factors as applied to Mr. CHENOT.

1) Strict adherence to the guidelines would provide punishment "greater than necessary." Mr. CHENOT is a young man who has suffered from the consequences of his alcoholism and witnessing dad living a life where alcohol destroyed his family.

2) Defendant's conduct constitutes survival learned behavior derived from his atrocious childhood upbringing living in an environment of alcoholism and domestic violence.

3) A combination of conditions warrants a downward adjustment to the draconian outcome or strict adherence to the guidelines if not humanized to the specific 3553 (a) factors which are amply demonstrated in Mr. Chenot's specific factual circumstances and devastating upbringing.

4) Defendant is relatively young and subject to rehabilitation and has a fiancé and family he desires to support.

5) Pretrial adjustment: Defendant has been a model worker and is an excellent Candidate for rehabilitation due to his dedication and work ethic. He is a journeyman ironworker with the local ironworkers union.

## II.

## THE FACTUAL BACKGROUND

Mr. CHENOT is faced with his third felony criminal conviction. He is a Category III in Criminal History.

The circumstances of the offense demonstrate that Mr. CHENOT was cooperative with the investigation and did not impede or obstruct justice. Mr. CHENOT is a relatively youthful offender who was dealt a bad starting environment his childhood upbringing. He ***deserves a chance*** to get his life in order and serve his community by paying back. He is a production worker and supports his family.

Mr. CHENOT was exposed to alcohol at a very early age and attributes this conviction to his usage of alcohol and his reservation upbringing. He has been a provider for his family despite his use of alcohol. Defendant believes his lack of responsible decisions was attributed to his use of alcohol.

**III.**

**THIS COURT MAY CONSIDER ALL RELEVANT FACTORS IN SENTENCING MR. CHENOT**

MR. CHENOT will be sentenced under the as outlined in *United States v. Booker*, 125 S.C. 738 (2005). In Booker, the Court severed 18 U.S.C. §3553(b)(1) and 3742 (e), rendering the Guidelines as advisory in a court's sentencing decision. Id. at 756-757. The effect of severing the mandatory provisions, "[s]o modified, the Federal Sentencing Act . . .makes the Guidelines effectively advisory. It requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. §3553(a) (4), but it permits the court to tailor the sentence in light of other statutory concerns as well, see §3553(a)." Id.

While the Guidelines retain an advisory nature, even under the former Guideline scheme, the adjustments, departures and other sentencing factors discussed herein qualify MR. CHENOT for a REASONABLE SENTENCE OF 57 MONTHS with the requested departures/variances.

A. <u>18 U.S.C.A. §3553 (a) Sets Forth Factors for the Court's Consideration</u>

Title 18 of the United States Code §3553(a) states in relevant part:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed- -
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

. . .

(5) any pertinent policy statement;

. . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

**18 U.S.C. 3582**: In determining whether to impose imprisonment, and if a term of imprisonment is to be imposed, in determining the length of the term, [the court] shall consider the facts set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

**18 U.S.C. 3661**: No limitation shall be placed on the information concerning background, character, and conduct of the person convicted of an offense which the court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

If analyzed closely, it is amply established that Mr. CHENOT's role was quite limited and less culpable than the average participant in the crime of methamphetamine trafficking.

a) Defendant does not know the full structure of the criminal activity beyond his role of buyer, user and seller.

b) Defendant is not in any role of leadership.

c) Defendant's benefit was minimal in comparison of the risk and the punishment involved. Even a sentence to the mandatory minimum is arguably excessive.

**IV.**

**THE COURT SHOULD IMPOSE A SENTENCE SUFFICIENT, BUT NOT GREATER THAN NECESSARY TO COMPLY WITH THE STATUTORY PURPOSES OF SENTENCING**

It is defendant's position that a sentence of no more than 57 months, would be a sufficient sentence to fulfill the sentencing purposes of punishment, retribution and payment to society. It is further noted, that in calculating the appropriate sentence this court should take into account the necessity to rehabilitate and to provide counseling and guidance necessary to achieve the purpose of sentencing goals. This can be provided as part of a sentence that provides a period of minimum confinement, designated BOP placement in a facility that provides avenues of education and provides the RDAP 500 hour substance abuse program. Defendant, Timothy Chenot, is determined to spend the anticipated sentence as a time for education, and to make up the loss time as a child to develop his vocational skills and treat his federal incarceration as a University of Learning. He intends to utilize his time in prison as a platform to learn marketable skills, learn the tools to control and conquer his alcoholism and the choices he makes. Alcoholism has tortured his life decisions.

**V.**

**NEED FOR SENTENCE IMPOSED**

MR. CHENOT understands the court's role in imposing reasonable and just punishment. However, considering the factors under 3553, this court should be aware that MR. CHENOT has awaited sentencing in this matter for several months.

Mr. CHENOT can serve an appropriately and reasonably tailored sentence of 57 months which would be more than sufficient to punish Mr. CHENOT and deter future crime and recidivism.

**<u>THE KINDS OF SENTENCE AVAILABLE</u>**

The guidelines are advisory. This court is not limited in shaping an appropriate sentence to the peculiar and specific factual circumstances of this individual defendant. If given a sentence of 57 months, Mr. CHENOT will further prove to this court and to this community his future dedication and respect for the law. A 57-month sentence is not prohibited by the guidelines or statute and the court can rightfully depart downward 5

points to reach a level 23/ Level III sentence.

## CONCLUSION

Defendant respectfully requests that the court sentence defendant TIMOTHY SCOTT CHENOT to a reasonable and just sentence of 57 months. This sentence maybe appropriately reached by way of a departure or variance for a final adjusted offense level of 23, and a Criminal History Category III for a total of 57 months.

Dated: July 23, 2025

Respectfully Submitted,

/s/ Nicholas F. Reyes
NICHOLAS F. REYES
Attorney for Defendant

# Defendant's Proposed Sentencing Chart

| | | |
|---|---|---|
| Defendant: | Timothy Scott Chenot | |
| Sentencing: | August 4, 2025 | |
| Base Offense Level | | 26 |
| Acceptance of Responsibility | | -3 |
| **TOTAL OFFENSE LEVEL** | | **23** |
| **CRIMINAL HISTORY CATEGORY** | | **III** |
| **GUIDELINE RANGE** | **( 57 to 71 Months)** | |

*Defendant request RDAP referral.

**BOP PLACEMENT REQUEST**