KIMBERLY A. SANCHEZ
Acting United States Attorney
CODY S. CHAPPLE
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY SCOTT CHENOT,<br><br>Defendant. | CASE NO. 1:24-CR-000218-KES-BAM<br><br>**UNITED STATES' SENTENCING MEMORANDUM AND RESPONSE TO DEFENDANT'S OBJECTIONS**<br><br>DATE: August 4, 2025<br>TIME: 9:30 a.m.<br>COURT: Hon. Kirk E. Sherriff |

## I.   INTRODUCTION

Defendant Timothy Scott Chenot is set for sentencing after pleading guilty to being a felon in possession of ammunition. Probation calculated his criminal history category to be III with a total offense level of 30, resulting in a guideline range of 121 to 151 months. Probation recommends a 136-month sentence. The defendant objections to the final PSR, arguing that he is eligible for the acceptance of responsibility reduction. The government believes the reduction should apply in this case, resulting in a total offense level of 27 and guideline range of 87 to 108. Pursuant to its plea agreement, the United States recommends the court sentence the defendant to the low end of 87 months.

## II.   BACKGROUND

Late one summer night in August 2024, Chenot sped through a residential neighborhood in his pickup truck while intoxicated. ECF 23 at 10. As he drove through empty streets, he fired an AR-15 out his window. *Id.* He hit two unoccupied vehicles, and 911 callers reported seeing Chenot shooting from his truck. PSR ¶¶ 5–7.  He later tossed the gun into the street and drove away but was pulled over by police

1

and arrested. ECF 23 at 10. When police pulled him over, they discovered a boy in the passenger seat who Chenot claimed was his fifteen-year-old son's friend. PSR ¶ 6. Police found several empty shells and ammunition around the residential area and inside his truck. PSR ¶¶ 6–7. Chenot's blood alcohol content was 0.24 percent that night. PSR ¶ 7.

Chenot had two prior felony convictions and was prohibited from possessing the firearm and ammunition. PSR ¶¶ 34–35. In February 2025, he pled guilty to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).

In June 2025, Chenot was federally charged with conspiracy to distribute and possess with intent to distribute methamphetamine. PSR ¶ 41. The charges arise out of Chenot's conduct in May 2025.

### III.     RESPONSE TO DEFENDANT'S OBJECTIONS

The defendant objects to (1) the removal of the acceptance of responsibility reduction, and (2) the four-point enhancement for possessing the ammunition in connection with another felony.

#### A.    The Acceptance of Responsibility Reduction.

To merit the acceptance of responsibility reduction, a defendant must show contrition for the crime of which he was convicted, but he need not accept blame for all crimes of which he may be accused. *United States v. Piper*, 918 F.2d 839, 841 (9th Cir. 1990). Whether or not the defendant has accepted responsibility for his crime is a factual finding. *States v. Garrido*, 596 F.3d 613, 617 (9th Cir. 2010). The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review. U.S.S.G. § 3E1.1 cmt. n. 5. In exercising its discretion, a district court may consider criminal activity unrelated to the offense of conviction in evaluating whether a defendant has voluntarily withdrawn from criminal conduct for purposes of granting a sentencing reduction for acceptance of responsibility. *United States v. Mara*, 523 F.3d 1036, 1038 (9th Cir. 2008).  In determining whether a defendant qualifies for a reduction for acceptance of responsibility, a court can consider:

(A) Whether the defendant truthfully admitted the conduct comprising the offense of conviction;

(B) Voluntary termination or withdrawal from criminal conduct or associations;

(C) voluntary payment of restitution prior to adjudication of guilt;

(D) voluntary surrender to authorities promptly after commission of the offense;

(E) voluntary assistance in the recovery of the fruits and instrumentalities of the offense;

(F) voluntary resignation from the office or position held during the commission of the offense;

(G) post-offense rehabilitative efforts (e.g., counseling or drug treatment); and

(H) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

U.S.S.G. § 3E1.1 cmt. n. 1.

Here, the defendant took responsibility for his August 2024 ammunition-possession charge. He signed the plea agreement in February 2025 and pled guilty in April. ECF 23, 26. He continued to accept responsibility for his actions as set forth in the factual basis when he interviewed with probation. PSR ¶ 13. He is now charged with drug trafficking conspiracy in a separate indictment under 21 U.S.C. §§ 841 and 846 for conduct occurring in May 2025 while detained and awaiting sentence. These charges are unrelated to his Section 922(g) conviction and are grouped differently by the guidelines. For these reasons, the government believes the reduction should apply but recognizes that the court has great discretion in choosing to do so. Any sentence, however, should be held to run consecutive to any future sentence in his other case.

### B.    The Connected Felony Enhancement.

If the defendant used or possessed any firearm or ammunition in connection with another felony offense, then the total offense level should increase by four levels. U.S.S.G. § 2K2.1(b)(6)(B). This enhancement applies when the firearm or ammunition facilitated another felony offense. U.S.S.G. § 2K2.1 cmt. n. 14(A). "Another felony offense" means any federal, state, or local offense, other than the firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained. U.S.S.G. § 2K2.1 cmt. n. 14(C).

Here, the defendant admitted to firing his AR-15 rifle out his window while driving around a residential street in Southeast Fresno. ECF 23 at 10. He also admitted to driving while intoxicated. *Id.* The bullets he fired struck unoccupied cars parked on the street. PSR ¶ 7.  Discharging a firearm with gross negligence and shooting at unoccupied vehicles are felonies under California Penal Code §§ 246.3 and 247(b), respectively. He was charged in Fresno County superior court with these offenses prior to this prosecution. PSR ¶ 19. His possession of the ammunition facilitated the felony offense because he fired the ammunition into unoccupied cars while driving drunk around a residential neighborhood.

Therefore, the defendant possessed the ammunition in connection with a felony and the four-point enhancement should apply.

## IV. SENTENCING RECOMMENDATION

Based on the above, the government believes the defendant's total offense level is 27 with a guideline range of 87 to 108 months. As described in detail above, the defendant fired his AR-15 rifle outside of his truck window while driving around a residential neighborhood at night. He was drunk and had a fourteen-year-old boy in the passenger seat as he drove. He was prohibited from possessing the ammunition due to his two felony convictions. Therefore, the government recommends the Court sentence the defendant to the low-end of the guidelines.

## V. CONCLUSION

For the reasons set forth above, an 87-month sentence is substantively reasonable and supported by the Section 3553(a) factors.

Dated: July 29, 2025

KIMBERLY A. SANCHEZ
Acting United States Attorney

/s/ CODY S. CHAPPLE
CODY S. CHAPPLE
Assistant United States Attorney

4